IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYDNEY L. POPE, | : | No. 05cv2450 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| BERNADETTE NATTAS, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### January 6, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 25, 2005, Plaintiff, Sydney L. Pope ("Plaintiff"), an inmate at Schuylkill County Prison ("SCP") filed this *pro se* action pursuant to 42 U.S.C. § 1983 and §1985. (Rec. Doc. 1). The action is against five Defendants, in their individual and official capacities, namely, Bernadette Nahas, District Magistrate Judge for Frackville[1]; unnamed Frackville Police Chief; Police Officer Hands of the Frackville Police Department ("FPD"); Police Officer Little of the FPD; and Frackville Borough Council. The Plaintiff also filed a Motion to proceed *in forma pauperis*. (Rec. Doc. 2).

---

[1] The Court is aware that the correct spelling of this Defendant's last name is "Nahas" as opposed to "Nattas" as written in the caption. For the remainder of the opinion we will refer to Defendant Nahas by her proper name.

1

On December 14, 2005, Magistrate Judge Blewitt issued a Report and Recommendation recommending that complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) as against all of the Defendants.

Objections to the Magistrate Judge's Report were due on December 30, 2005 and to date none have been filed.  This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

Plaintiff alleges that on August 23, 2005, he told Defendant Hands that, due to his color and race, the FPD Chief had no right to insist that he make undercover drug buys for the benefit of the FPD.[2]  Plaintiff alleges that since he refused to help the FPD, the Chief instructed Defendant Hands to file a charge against Plaintiff for driving while under suspension.[3]  Plaintiff alleges that at a preliminary hearing on the charge, Defendant District Magistrate Judge Nahas did not accept his evidence in the nature of his friend's testimony that he (the friend) was driving Plaintiff's car.  Plaintiff also alleges that at this hearing that Magistrate Nahas mentioned an unrelated subject regarding the custody of Plaintiff's daughter and that Magistrate

---

[2] Plaintiff met with the Defendant Chief and Defendant Hands to discuss a protection from abuse order and Plaintiff alleges that the "Chief of Police with malicious and direct threats insisted that the Plaintiff . . . make drug buys for him in his area and also in the Shenandoah Borough."  (Rec. Doc. 1 at 4)

[3] Plaintiff alleges that he was not driving his car but that he loaned his car to a friend who was driving his car.  Plaintiff alleges that Defendant Hands never saw him drive the car while under suspension. (Rec. Doc. 1)

Nahas "openly informed the Plaintiff to give up his parental right." (Rec. Doc. 1 at 2). Plaintiff further alleged that he was convicted on the driving while suspended charge on the basis of his color and race and that the "black Assistant District Attorney" who prosecuted his case "has already discriminated against the Plaintiff in other cases pending in court." (Rec. Doc. 1 at 5).

Plaintiff also alleges that he was charged with harassment by the FPD and State Police, and that five days before his hearing, the County Work Release Coordinator told him that Magistrate Nahas agreed to let Plaintiff participate in the work release program if the plaintiff agreed to set up a payment plan for the harassment charge, which had not been adjudicated at that time. Plaintiff alleges that since he was offered work release prior to his actual conviction, his hearing was scheduled in violation of due process. (Rec. Doc. 1 at 5).

Plaintiff further alleges that since December 2003 to present, he asked the entire FPD for assistance in enforcing his custody order granting him partial custody of his daughter, but they refused to help him "due to the outright intimidation, oppressing and the right to equal protection of the law." (Rec. Doc. 1 at 5-6).

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is

not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Blewitt finds that the complaint against all Defendants is subject to dismissal pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). Under the PLRA, this Court is obligated to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or if the action seeks monetary damages against a defendant who is immune from such relief. (Rec. Doc. 7 at 4).

With respect to Defendant Magistrate Nahas, Magistrate Judge Blewitt finds that she is entitled to absolute immunity from this lawsuit because all of Plaintiff's

allegations against her regard her official duties in presiding over the Plaintiff's criminal cases, and therefore the complaint should be dismissed as against her.  See Garrett v. Nesbitt, 1998 WL 531841 at *6 (E.D. Pa. 1998).

With respect to Defendant Police Officer Little, Magistrate Judge Blewitt correctly notes that since the Plaintiff makes no allegations specifically against this Defendant in his pleading that the complaint should be dismissed against him.

Magistrate Judge Blewitt explains that Plaintiff's conspiracy claim against the Defendants pursuant to §1985(3) is insufficiently pled because the Plaintiff alleges a conspiracy took place due to an unspecified agreement to further prejudice him against him due to his color and race.  To properly state a claim under §1985(3), "[t]he Plaintiff's allegations [of conspiracy] must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each Defendant allegedly played in carrying out those objectives."  We wholly agree with Magistrate Judge Blewitt's determination that the conspiracy claim under §1985(3) should be dismissed against all Defendants because he has failed to sufficiently plead facts in his complaint to support such an allegation.

Further, Magistrate Judge Blewitt explains that Plaintiff's malicious prosecution claim against Defendant Police Officer Hands and Defendant Chief of FPD should be dismissed because Defendant Hands had probable cause to arrest

Plaintiff for driving while under suspension..  We agree with Magistrate Judge Blewitt's finding that Defendant Hands' eyewitness account of the driving incident gave him probable cause to arrest Plaintiff, and therefore Plaintiff's malicious prosecution claim against Defendant Hands and the Chief of the FPD will be dismissed.

Finally, we agree with Magistrate Judge Blewitt's determination that Defendant Frackville Borough Council ("FBC")is not an appropriate defendant in a §1983 suit because it cannot be considered a "person" under §1983.  Furthermore, there is no municipal liability alleged against the FBC. Therefore, the complaint will be dismissed as against the FBC.

Magistrate Judge Blewitt recommends that although a *pro se* prisoner should be freely granted leave to amend a pleading, in this case the Plaintiff has failed to state a cognizable claim against any Defendants and therefore any amendment would be futile.  (Rec. Doc. 7 at 9).  Our review of this case obviously confirms Magistrate Judge Blewitt's determinations.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 7) is

   GRANTED in its entirety.

2.  The complaint (doc. 1) is DISMISSED in its entirety.

3.  The Clerk is directed to close this file.

             <u>s/ John E. Jones III</u>
             John E. Jones III
             United States District Judge